**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON**

**CRIMINAL ACTION NO. 09-128-KSF
CIVIL ACTION NO. 12-7195-KSF-JGW**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**v.**

**ALLAN WASONGA ONYANGO**                                                   **DEFENDANT**

**REPORT AND RECOMMENDATION**

On January 25, 2012, defendant Allan Wasonga Onyango filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. 26. The United States filed a motion to dismiss on February 9, 2012. Doc. 28. Defendant has not filed a response to the motion to dismiss and the time allotted for doing so has elapsed. After reviewing the record and applicable law, I recommend that the motion to dismiss be granted.

**I. Procedural Background**

Pursuant to his guilty plea, on January 8, 2010 the Court sentenced defendant to time served for using a false identification document for employment purposes. Doc. 25. The final judgment of conviction specifically provides that "[n]o term of supervised release is imposed." *Id.* at p.2. No further action was taken in this case until January 25, 2012, when defendant's §2255 motion was filed. Doc. 26.

In his motion, defendant asserts that his attorney was ineffective because the attorney "failed to advise him on the immigration consequences related to his plea." *Id.* at p.1. Defendant asserts that he is a citizen of Kenya and that after being sentenced he "learned that he had entered a plea to, for immigration purposes, a moral turpitude crime, which subjected him to

1

automatic removal, without resort to any relief typically available to noncitizens in removal pleadings."[1]  Doc. 26-1, p.2.  Relying upon *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), defendant argues that he was not properly advised by his attorney of the fact that his guilty plea would subject him to deportation.  The United States contends that the Court lacks jurisdiction to consider defendant's motion because defendant is not in custody. I agree.

## II. Analysis

### A. Defendant Is Not In Custody

28 U.S.C. §2255(a) provides in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  As the Supreme Court has instructed, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it. . . . While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  Thus, a court lacks jurisdiction to consider a §2255 petition if the sentence being challenged has expired.  *See, e.g., Manzano v. United States*, 2011 WL 5900802, at *2 (E.D.Ky. Nov. 22, 2011) ("When the sentence the prisoner seeks to challenge has fully expired by the time the motion to vacate is filed, then the

---

[1] 8 U.S.C. §1227(a)(2)(A)(i) generally provides that an alien convicted of a crime involving moral turpitude is deportable.

prisoner is not 'in custody' and the court lacks jurisdiction.").

Defendant was sentenced to time served and was not placed on supervised release. Accordingly, defendant is not in custody and the Court therefore should grant the motion to dismiss because the Court lacks jurisdiction to consider defendant's §2255 motion.

### B.  §2255 Motion Not Timely Filed

As the United States points out in its alternate argument, defendant's §2255 motion also was not timely filed.  Defendant was sentenced in January 2010 and filed the present  §2255 motion in January 2012.  There is a one-year time limitation for filing motions under §2255.  28 U.S.C. §2255(f).  Well over one year had elapsed from the date of sentencing by the time defendant filed his §2255 petition.

Defendant contends his motion is timely because the Supreme Court's holding in *Padilla* that "counsel must inform her client whether his plea carries a risk of deportation[,]" 130 S.Ct. at 1486, should be given retroactive effect.  *See* 28 U.S.C. §2255(f)(3) (providing that one year time limit for filing §2255 petition may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").  "The United States Court of Appeals for the Sixth Circuit has yet to address whether *Padilla* is to be retroactively applied to cases on collateral review, and courts that have considered the issue are divided."  *Quijada v. United States*, 2011 WL 4687534, at *1 (S.D.Ohio Oct. 4, 2011) (citing cases).  It is not necessary for this Court to determine whether to apply *Padilla* retroactively because, as the United States points out in its motion to dismiss, petitioner did not file his §2255 petition within one year after March 31, 2010–the date *Padilla* was rendered.  Accordingly, even

a retroactive application of *Padilla* would not save defendant's §2255 motion from having been untimely filed.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that plaintiff's motion to dismiss defendant's 28 U.S.C. §2255 petition [Doc. 28] be **granted**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 27th day of April, 2012.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge